UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZACHARY YATES,

               Plaintiff,

     v.

SONOMA COUNTY, et al.,

               Defendants.

Case No. 23-cv-01812-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

Re: Dkt. Nos. 37, 38

      Pending before the Court are Defendants' motions to dismiss.[1]  *See* Dkt. Nos. 37, 38.  The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss.

## I.    LEGAL STANDARD

      Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

---

[1] The operative complaint names Sonoma County and Sonoma County Sheriff Mark Essick, as well as Sonoma County Probation Officers Laura Consiglio, Brandon Bannister, and "DPO Chastain."  *See* Dkt. No. 36 ("FAC") at ¶¶ 5–9.  For ease of reference, the Court refers to all of the Defendants associated with Sonoma County as the "County Defendants" unless otherwise indicated.  The complaint also names Legacy Long Distance International, Incorporated.  *Id.* at ¶ 10.

United States District Court
Northern District of California

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## II.    DISCUSSION

This is the second round of motions to dismiss in this case.[2] The Court previously granted in part Defendants' motions to dismiss, dismissing some but not all of Plaintiff Zachary Yates's claims. *See* Dkt. No. 34. The Court granted Plaintiff an opportunity to amend the complaint to address the deficiencies that the Court identified with these claims. *See id.* Plaintiff filed an amended complaint, adding additional allegations. *See generally* FAC. Defendants urge that the FAC remains deficient. *See* Dkt. Nos. 37, 38.

### A.    Claims against Defendant Mark Essick (Claims One through Five)

In the FAC, Plaintiff continues to allege several causes of action against Defendant Mark Essick, the former Sonoma County Sheriff, related to Plaintiff's flash incarceration and the recording of jail telephone calls. *See* FAC at ¶¶ 8, 28–53. The Court previously found that Plaintiff had failed to plead facts to plausibly allege Defendant Essick's liability as to any of the claims. *See* Dkt. No. 34 at 7, 11–12. In an effort to provide more detail about Defendant Essick's alleged involvement, Plaintiff added just one paragraph to the FAC. *See* FAC at ¶ 8.1; *see* Dkt. No. 41 at 4, 11–12. In it, Plaintiff asserts that Defendant Essick "had knowledge" that the Sonoma County Main Adult Detention Facility "routinely enforced unlawful flash incarceration orders

---

[2] The parties are familiar with the facts alleged in this case, and the Court does not recite them here. The Court previously discussed the complicated background in a prior but related case, *Hoffman v. Sonoma County*, Case No. 22-cv-05446-HSG (N.D. Cal.), Dkt. No. 37, and in the earlier motion to dismiss order in this case, Dkt. No. 34.

United States District Court
Northern District of California

issued by Sonoma County probation officers" and "had knowledge" that outgoing inmate telephone calls were "routinely intercepted, recorded, and provided to prosecutors." *See* FAC at ¶ 8.1. Plaintiff does not provide any factual content to support these conclusory assertions.

In his opposition, Plaintiff states that he "is not privy to secret operational detail within the exclusive knowledge of the Sonoma County Sheriff's department." *See* Dkt. No. 41 at 11. But Plaintiff appears to acknowledge that he does not have any new information, and he may not rely on bare speculation to support his claim. The fact that Defendant Essick was the Sheriff at the time of the events, without more, is insufficient to state a claim against him. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). Plaintiff's repeated suggestion in his opposition brief that Defendant Essick was the "final Sonoma County policymaker" who authorized the alleged conduct is similarly unavailing. *See* Dkt. No. 41 at 4, 11. The Court **GRANTS** the motion to dismiss all claims against Defendant Essick.

## B. State Law Claims (Claims Three and Five)

The Court previously found that Plaintiff's two state law claims for (1) false arrest and imprisonment and (2) unlawful jail call wiretapping were barred by the one-year statute of limitations. *See* Dkt. No. 34 at 7–10. Out of an abundance of caution, the Court granted Plaintiff leave to amend. *Id.* at 10. In response, Plaintiff has cited several theories—some recycled and some new—why his claims are nonetheless timely. *See* Dkt. No. 41 at 5–11. The Court is not persuaded by any of these scattershot arguments.

*First*, Plaintiff repeats arguments that the Court has already considered and rejected. He again asserts that a three-year statute of limitations should apply to his wiretapping claims under California Penal Code §§ 636 and 637.2. *See* Dkt. No. 41 at 8–9. But the Court rejected this argument in its prior order, and Plaintiff has offered nothing new for the Court's consideration. *See* Dkt. No. 34 at 7–9, & n.4. Plaintiff similarly reiterates that the bankruptcy proceeding somehow tolled the statute of limitations. *See* FAC at ¶¶ 15.1–15.2; *see also* Dkt. No. 41 at 6, 9–10. Plaintiff adds a few more legal conclusions to the FAC on this topic, but he repeats the same

United States District Court
Northern District of California

arguments he already raised.  The Court finds it telling that despite the serial briefing on this issue, Plaintiff has yet to provide a single case in which the statute of limitations has been tolled under similar circumstances.  At bottom, Plaintiff simply disagrees with the Court's previous decisions. *See* Dkt. No. 34 at 7–10; *see also Hoffman v. Sonoma County*, Case No. 22-cv-05446-HSG (N.D. Cal.), Dkt. No. 37 at 7–9.  The Court continues to believe its analysis is correct and that Plaintiff is not entitled to any tolling because of the bankruptcy proceeding.  The Court declines the invitation to revisit the issue again.

*Second*, Plaintiff asserts that California Code of Civil Procedure § 352.1(a) tolled the statute of limitations while Plaintiff was incarcerated.  *See* Dkt. No. 41 at 5–6.  Under this statute:

> If a person entitled to bring an action  . . . is, at the time the cause of action accrued, *imprisoned on a criminal charge*, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a) (emphasis added).  Plaintiff contends that he was continuously incarcerated from when he discovered in early September 2021 that his privileged phone calls were allegedly recorded to September 23, 2021.[3]  *See* FAC at ¶ 16.3.  Even if the statute of limitations were tolled during this timeframe, that would mean Plaintiff had one year from September 23, 2021, to file his claims—or until September 23, 2022.  However, Plaintiff did not file this case until April 13, 2023.  *See* Dkt. No. 1.

*Third*, Plaintiff contends that the statute of limitation was tolled under Cal. Code of Civil Procedure § 351 when individual County Defendants may have been out of state.  *See* Dkt. No. 41 at 9.  Neither the FAC nor Plaintiff's opposition brief offers any factual allegations about Defendants' alleged travel during the relevant time period.  Plaintiff suggests that discovery may

---

[3] Plaintiff appears to acknowledge that § 352.1, even if somehow applicable, would only toll the statute of limitations as to Defendant Legacy.  *See* Dkt. No. 41 at 5 (arguing that "California Code of Civil Procedure § 352.1 tolls the running of the statute of limitations *as to defendant Legacy* for the time when Plaintiff Yates was 'imprisoned on a criminal charge'") (emphasis added); *see also* Cal. Civ. Proc. Code § 352.1(b) ("This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with . . . the Government Code.").

show some of the individual Defendants traveled outside of California for some period of time. This is pure speculation. And moreover, the application of § 351 under these circumstances is likely unconstitutional. *See, e.g.*, *Abramson v. Brownstein*, 897 F.2d 389, 391–92 (9th Cir. 1990) (citing *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 891 (1988)).

*Lastly*, Plaintiff urges that equitable tolling should apply to toll the statute of limitations during the pendency of the related *Hoffman v. Sonoma County* case, which was filed on September 23, 2022. *See* Dkt. No. 41 at 7–8; *see also* FAC at ¶ 16.2. "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. State of California*, 21 Cal. 3d 313, 317 (Cal. 1978)). Equitable tolling requires three factors: "1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Id.*

This is the unusual case in which it is clear from the face of the complaint that equitable tolling does not apply. Plaintiff did not file the *Hoffman* case: the bankruptcy trustee did. And the Court ultimately found that as of September 26, 2022, the bankruptcy trustee had abandoned the legal claims in the *Hoffman* case. *See Hoffman v. Sonoma County*, Case No. 22-cv-05446-HSG (N.D. Cal.), Dkt. No. 37 at 6. The Court further rejected the attempt to substitute Plaintiff into that case, calling out the "transparent gamesmanship" and inequity in attempting to unilaterally extend the statute of limitations in this way. *See Hoffman v. Sonoma County*, Case No. 22-cv-05446-HSG (N.D. Cal.), Dkt. No. 37 at 6–9. Because § 352.1(a) did not toll the claims against the County Defendants while Plaintiff was incarcerated, *see supra*, Plaintiff only had until September 2, 2022, to bring those claims. *See* Dkt. No. 34 at 9 (discussing notice of recorded calls). The *Hoffman* case was not filed until after this limitations period had run. Moreover, according to the FAC, Defendant Legacy did not have notice of the *Hoffman* case until it waived service "on or about 24 October 2022," again *after* the statute of limitations had run. *See* FAC at ¶ 16.2.

United States District Court
Northern District of California

1

&ast;   &ast;   &ast;

2  Even construing the facts in the light most favorable to Plaintiff, as the Court must at this

3  stage, Plaintiff has failed to plead that his state law claims are timely.  The Court accordingly

4  **GRANTS** the motion to dismiss these claims.

5  **C.    The Federal Wiretap Act Claim (Claim Four)**

6  Plaintiff's "Fourth Claim for Relief" is premised on the recording of privileged jail calls,

7  and is styled as both a claim under § 1983 for violations of the Fourth and Sixth Amendments, and

8  as a standalone clam under the Federal Wiretap Act.  *See* FAC at ¶¶ 40–44.  Because the Court has

9  dismissed all claims against Defendant Essick, there is no individual County Defendant remaining

10  in the case who could be held liable under § 1983.  The Court therefore **DISMISSES** this claim

11  against the County Defendants to the extent it is premised on § 1983.  *See Jones*, 297 F.3d at 934

12  (requiring a defendant's "personal participation" for liability under § 1983).  The Court addresses

13  the § 1983 claim against Defendant Legacy in Section II.D.ii below.  Here, therefore, the Court

14  only considers whether Plaintiff has sufficiently pled a standalone claim against Defendants under

15  the Federal Wiretap Act, 18 U.S.C. §§ 2511 and 2520.

16  The Court previously denied the motion to dismiss this claim except as to Defendant

17  Essick.  *See* Dkt. No. 34 at 11–12, & n.8.  Defendants now urge that the Court failed to consider

18  whether the law enforcement exception applies to bar the claim.  *See* Dkt. No. 37 at 11–12; Dkt.

19  No. 38 at 7–8.  Under the law enforcement exception "oral communications may be intercepted by

20  investigative and law enforcement officers acting in the ordinary course of their duties."  *United*

21  *States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996) (citing 18 U.S.C. § 2510(5)(a)); *cf. Evans v.*

22  *Skolnik*, 637 F. App'x 285, 287 (9th Cir. 2015) (upholding grant of summary judgment as to

23  private telecommunication companies and extending the law enforcement exception to these

24  government contractors).[4]  In *Van Poyck*, the Ninth Circuit concluded that the law enforcement

25  exception applied to the jail's "routine taping policy."  *Id.*  The Ninth Circuit suggested in a

26  footnote, however, that it would be improper to record "properly placed" phone calls between a

27  ───────────────

28  [4] As an unpublished Ninth Circuit decision, *Evans* is not precedent, but may be considered for its
persuasive value.  *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

defendant and his attorney. *See id.* at 290–91, n.9.  This was not at issue in *Van Poyck*, however, because the policy did *not* record such properly placed calls and the calls at issue were placed to friends rather than attorneys. *See id.* at 287.

Here, Plaintiff alleges that Defendant Legacy "operated the inmate telephone system" and recorded jail calls under contract with Sonoma County. *See* FAC ¶ 10.  He alleges that neither Defendant Legacy nor Defendant Sonoma County "made known or available to Zachary Yates or any of his attorneys or legal team any practice or procedure to allow then inmate Yates' confidential, unrecorded, or unmonitored outgoing telephone calls to his attorney of record [] or any other attorney, or any non-attorney member of his legal teams." *See id.* at ¶ 26.2.  And Defendants "provided a log and [] recordings of Zachary Yates['s] jail calls to a Sonoma County investigator and a Sonoma County prosecutor for their use in then pending criminal PCRS charges against Zachary Yates." *See id.* at ¶ 26.3.  Defendants have not cited any case in which sharing attorney-client privileged jail calls with prosecutors in this way fell within the law enforcement exception.  The unpublished memorandum disposition in *Evans* provides no factual background and little analysis.  But even if the Court found it persuasive, the Ninth Circuit there only stated that the law enforcement exception could apply when the defendants "screened [] attorney-client calls." *Evans*, 637 F. App'x at 287.  Plaintiff here alleges that Defendants did more than just "screen" his calls.

Defendants of course disagree with many of Plaintiff's allegations, but the Court is not empowered to decide questions of fact at this stage in the case.  Defendants are free to raise this argument again at the summary judgment stage, once an actual factual record has been developed.  But for now, the Court **DENIES** the motions to dismiss on this basis.

### D.    *Monell* Claims

The Court previously found that Plaintiff had failed to allege municipal liability under *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658 (1978), against either Defendant Sonoma County or Defendant Legacy. *See* Dkt. No. 34 at 12–14.  The FAC fails to adequately address these issues.

//

### i. Defendant Sonoma County (Claim Six)

Plaintiff did not add any allegations to the complaint in support of his *Monell* claim against the County.  In his opposition brief, Plaintiff states that "it is obvious that failure to train probation officers and jail staff in the applicable legal principles will necessarily result in constitutional violations."  *See* Dkt. No. 41 at 12.  But as the Court already explained, it is not enough to generically plead that the County "was well aware" of the allegedly wrongful conduct.  *See* FAC at ¶¶ 60–60.2.  The Court **GRANTS** the motion to dismiss the *Monell* claim against Defendant Sonoma County.

### ii. Defendant Legacy (Claims Four and Six)

As before, Plaintiff alleges that Defendant Legacy "operated the inmate telephone system at the Sonoma County Main Adult Detention Facility under contract and in close collaboration with defendant Sonoma County and former Sonoma County Sheriff Mark Essick."  *See* FAC at ¶ 10.  Plaintiff attempts to plead that Defendant Legacy is responsible under § 1983 for violations of the Fourth and Sixth Amendments because it "unlawfully intercepted, recorded, and disclosed the content" of Plaintiff's privileged jail calls with his attorneys.  *See, e.g.*, *id.* at ¶¶ 10, 25–26.4, 40–44, 60.4.  Although a private entity can, in some circumstances, be held liable under § 1983, a plaintiff must show that (1) the defendant acted under color of state law, and (2) the constitutional violation was caused by an official policy or custom of the defendant.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139–40 (9th Cir. 2012).  In the first motion to dismiss order, the Court concluded that Plaintiff had failed to allege facts sufficient to plausibly plead these two elements.  Dkt. No. 34 at 14.

Plaintiff did not add any new allegations to the FAC in support of this claim, and the Court continues to find the FAC deficient.  In his opposition brief, Plaintiff attempts to bridge some of the gap by urging that "[i]t is reasonable to infer that Legacy knew that many Sonoma County inmates had pending criminal cases in which they were represented by out-of-county attorneys."  *See* Dkt. No. 41 at 13; *see also* FAC at ¶¶ 8.1, 10.1.  Plaintiff suggests that it was therefore equally reasonable to infer that Defendant Legacy "knew that if it recorded each and every outgoing jail call it would surely unlawfully intercept many attorney-client conversations."  *Id.*  Once again,

United States District Court
Northern District of California

Plaintiff asks the Court to accept unsupported supposition instead of substantive allegations.  This is improper.  The Court **GRANTS** the motion to dismiss the § 1983 claims against Defendant Legacy.

### III. CONCLUSION

The Court **GRANTS IN PART** the motions to dismiss as to all claims brought against Defendant Essick, the state law claims against all Defendants, the § 1983 claim for violations of the Fourth and Sixth Amendments against Defendants, and the *Monell* claim against Defendants. *See* Dkt. Nos. 37, 38.  Plaintiff has had ample opportunity to amend these claims, but has failed to do so.  The Court finds that granting leave to amend would be futile, and therefore **DISMISSES** these claims without leave to amend.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).  However, the Court **DENIES** the motions to dismiss the Federal Wiretap Act claim against Defendants.

The Court **SETS** a case management conference on April 1, 2025, at 2:00 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  The parties are further **DIRECTED** to file a joint case management statement by March 25, 2025.  The joint case management statement should discuss how to expeditiously move this now much more limited case forward.  The Court anticipates that the parties should be able to file motions for summary judgment within a few months.

**IT IS SO ORDERED.**

Dated:    3/10/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

9

United States District Court
Northern District of California